IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JESSE JAMES EDWARDS, JR.,       *
                                *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION 11-00472-B
                                *
MICHAEL J. ASTRUE, Commissioner *
of Social Security,             *
                                *
     Defendant.                 *

## ORDER

Plaintiff Jesse James Edwards, Jr. ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, et seq., and 1381, et seq. On June 11, 2012, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 19). Thus, this case was referred to the undersigned to conduct all proceedings through entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 21). Oral argument was waived. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED.**

1

## I.   <u>Procedural History</u>

Plaintiff protectively filed an application for disability insurance benefits and for supplemental security income benefits on March 9, 2009. (Tr. 152-60). In his applications, Plaintiff alleges that he has been disabled since September 25, 2008, due to eye, leg, and breathing problems, a hernia, and acid reflux. (<u>Id.</u> at 86, 92, 154, 187). Plaintiff's applications were denied initially, and he timely filed a Request for Hearing. (<u>Id.</u> at 87-91, 93-99). On September 29, 2010, Plaintiff, his attorney, and a vocational expert ("VE") attended an administrative hearing before Administrative Law Judge Vincent Intoccia (hereinafter "ALJ").  (<u>Id.</u> at 55-78).  On November 2, 2010, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled.  (<u>Id.</u> at 13-27).  Plaintiff's request for review was denied by the Appeals Council ("AC") on June 24, 2011.  (<u>Id.</u> at 1-6, 11).

The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.  <u>Issues on Appeal</u>

A.   Whether substantial evidence supports the ALJ's RFC assessment?

B.   Whether the ALJ erred in finding that Plaintiff can return to his past relevant work as a short order cook?

2

III. **Factual Background**

Plaintiff was born on January 30, 1951, and was fifty-nine (59) years of age at the time of the administrative hearing. (Tr. 57, 79, 80). He graduated from high school and completed two years of college. (Id. at 57, 236). Plaintiff has past relevant work ("PRW") as a fast food cook, construction worker, driver, and builder/carpenter. (Id. at 75, 208, 214, 220, 236).

Plaintiff testified that he has problems with his shoulders, that his right shoulder is worst than the left, and that on average, his shoulder pain is a seven out of ten and is more severe on rainy days. (Id. at 60, 62). Plaintiff also testified that he has low back pain which flares up if he sits for prolonged periods. (Id. at 62). According to Plaintiff, his back pain averages a seven on a pain scale of one to ten, and is more severe on rainy days. (Id. at 63-64). According to Plaintiff, he does not have health insurance and cannot afford to purchase any prescription medication for his pain; thus, he takes ibuprofen for his pain. (Id. at 60-61)[1]. Plaintiff also testified that he had surgery for a hernia in 2009, and that he

---

[1] According to Plaintiff he has been turned away from the emergency room on two occasions because of outstanding medical bills, and United Way's "Doc in a Bus" will no longer see him because he is pursuing disability. (Id. at 67-68).

still experiences soreness and tenderness, especially when he attempts to lift certain objects. (Id. at 66).

With respect to his daily activities, Plaintiff testified that he is able to care for his personal needs, and do some laundry, cooking, and other limited household chores, but he has to take breaks because he cannot stand for long periods of time. (Id. at 68-69, 207, 209). According to Plaintiff, he spends most of his time at home watching TV, although he does sing in the choir and attend church once a month. (Id. at 69-70).

## IV. Analysis

### A.   Standard Of Review

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[2] A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v.

---

[2]This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

<u>Sullivan</u>, 921 F.2d 1233, 1235 (11th Cir. 1991); <u>Bloodsworth v.</u> <u>Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. <u>Chester v. Bowen</u>, 792 F. 2d 129, 131 (11th Cir. 1986); <u>Short v. Apfel</u>, 1999 U.S. Dist. LEXIS 10163 (S.D. Ala. 1999).

   **B. Discussion**

   An individual who applies for Social Security disability benefits must prove his disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation

process for determining if a claimant has proven her disability. 20 C.F.R. §§ 404.1520, 416.920.[3]

In the case <u>sub judice</u>, the ALJ determined that Plaintiff met the non-disability requirements for disability insurance benefits through December 31, 2010. (Tr. 18). The ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (<u>Id.</u>). The ALJ concluded that while Plaintiff has the severe impairments of arthritis of the

---

[3] The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. <u>Jones v. Bowen</u>, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history. <u>Id.</u> at 1005. Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. <u>Sryock v. Heckler</u>, 764 F.2d 834 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. <u>Jones v. Apfel</u>, 190 F.3d 1224, 1228 (11th Cir. 1999). <u>See also Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing <u>Francis v. Heckler</u>, 749 F.2d 1562, 1564 (11th Cir. 1985)).

right shoulder, status post right inguinal hernia surgery, and hypertension, they do not meet or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4.[4] (Id. at 18-19).

The ALJ concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform a full range of light work. (Id. at 21). The ALJ found that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently, that he can stand, walk, and sit for 6 out of 8 hours, that he can frequently use his right upper extremity to push and pull, that he can occasionally climb ramps and stairs, crouch, crawl, and stoop, that he can frequently balance, and that he can frequently reach in all directions with his right upper extremity. (Id. at 21-22). The ALJ also determined that Plaintiff should be precluded from climbing ladders, ropes, and scaffolds, that he should avoid concentrated exposure to extreme cold, wetness, and vibration, and that he should avoid any exposure to hazardous machinery and unprotected heights. (Id.).

The ALJ next determined that while Plaintiff's medically determinable impairments could reasonably be expected to produce

---

[4] The ALJ also determined that Plaintiff's vision problems, back pain, cataracts, and/or GERD do not constitute severe impairments. Plaintiff has not challenged this finding. (Id. at 19).

some of the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not credible to the extent they are inconsistent with the RFC assessment. (Id. at 23). The ALJ utilized the services of a vocational expert ("VE") and determined that Plaintiff is capable of performing his past relevant work (hereinafter "PRW") as a short order cook, which is classified as light and semiskilled. (Id. at 24, 75). The ALJ found that, comparing Plaintiff's RFC with the physical and mental demands of his PRW, Plaintiff is able to perform his PRW. (Id. at 24). Thus, he concluded that Plaintiff is not disabled. (Id.)

The relevant evidence of record reflects that Plaintiff was examined by Dr. Dixitkumar Modi for a disability evaluation on July 2, 2008. (Id. at 235-50). Plaintiff reported that he has lower back pain, which moves down to his lower legs and extremities, right shoulder pain, and right scrotal pain. (Id. at 236). An examination of Plaintiff's abdomen showed inguinal hernia and scrotal hernia on the right that was not reducible. (Id. at 238). A neurological exam was normal, and no cyanosis, clubbing, edema, or rash was observed over his upper or lower extremities. (Id.). Plaintiff's range of motion in his lower and left upper extremities was normal. (Id. at 239). Tenderness on palpation of Plaintiff's lumbar spine was noted, and Plaintiff's straight leg raise test was positive. (Id.).

8

Plaintiff was seen by Dr. Bruce Edward Taylor on September 12, 2008.  An x-ray of Plaintiff's right shoulder revealed mild arthritis.  (Id. at 251-52, 261-64).  The record also contains treatment notes from the United Way Family "Doc-in-a-Bus".[5]  (Id. at 265-76).  The notes, dated March 27, 2009, reflect that Plaintiff reported that he was experiencing back pain, and pain all over his body, insomnia and stomach trouble.  (Id. at 273).  Plaintiff was diagnosed with right side inguinal hernia and was counseled regarding surgical options. (Id.). Plaintiff indicated that he could not afford surgery due to lack of health insurance.  (Id.).

Plaintiff was evaluated by Dr. Vivekananda Datla at UAB Selma Family Medicine Center on May 7, 2009.  (Id. at 277-84). Plaintiff presented to with complaints of eye problems, hernia, leg pains, and bilateral shoulder pain.  (Id. at 277).  On exam, a right  inguinal hernia was noted, as was an enlarged scrotum on the right side.  (Id.).  Plaintiff's muscle tone and strength were noted as normal, his motor strength was symmetrical with no obvious weaknesses, and a motor exam demonstrated no dysfunction.  (Id. at 278).  Plaintiff was able to stand on heels and toes without difficulty.  (Id. at 279).  He exhibited

_____

[5] The record includes a "Doc-in-a-Bus" New Patient Intake Assessment for Plaintiff that is dated February 2, 2009. (Tr. 274).

full range of motion in his arms, hands, and fingers. (Id.). Plaintiff's gait, balance and stance, and reflexes were normal. (Id.). Plaintiff was able to squat and rise with difficulty, but he was unable to heel/toe walk. (Id.). Plaintiff's cervical and lumbar spines showed no tenderness on palpation, instability, or weakness. (Id.). The notes reflect that an examination of Plaintiff's eyes on that same date revealed that Plaintiff's left eye vision was 20/50, and his right eye vision was 20/40. (Id. at 281).

Agency medical consultant A.G. Turner completed a Physical RFC Assessment on May 14, 2009, wherein he indicated that Plaintiff has mild arthritis in the right shoulder and right inguinal hernia. (Id. at 285). He opined that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and push and/or pull for an unlimited amount of time. (Id. at 286). He determined that Plaintiff could never climb ladders, ropes, or scaffolds, and could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (Id. at 287). Plaintiff was limited in handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors), but was unlimited in reaching in all directions, including overhead. (Id. at 288). Visually, Plaintiff was limited in near and far acuity. (Id.). He opined

10

that Plaintiff should avoid all exposure to hazards such as machinery and unprotected heights and avoid concentrated exposure to extreme cold. (Id. at 289). According to the RFC, Plaintiff had no communicative limitations. (Id.).

Included in the record are treatment notes from Vaughn Regional Medical Center Emergency Department dated September 20, 22, and 28, 2009. (Id. at 293-324). The notes reflect that on September 20, 2009, Plaintiff reported increasing abdominal pain burning in the right groin, and strange noises from the right groin area. (Id. at 303). A CT scan of Plaintiff's abdomen on September 20, 2009, showed a whorled appearance to bowel loops in the right lower quadrant. (Id. at 318). Aside from that, the abdomen was otherwise normal in appearance. (Id.). A CT scan of Plaintiff's pelvis on the same date revealed a very large scrotal hernia containing multiple loops of small bowel. (Id. at 318-321). Plaintiff was referred to Dr. Harold Allen Foster by the emergency room physician due to the large right inguinal hernia. Dr. Foster performed surgery on September 22, 2009. (Id. at 307-308). Plaintiff returned to the emergency room on September 28 and reported scrotal pain and swelling. (Id. at 295). On exam, scrotal swelling on the right was noted. Plaintiff had normal range of motion in his extremities, and no tenderness or edema was noted. (Id. at 297). After being given

Demerol, Plaintiff reported improvement in his pain, and was directed to follow up with Dr. Foster. (Id. at 294-301).[6]

### 1. Whether substantial evidence supports the ALJ's RFC assessment?

Plaintiff argues that the ALJ's finding that Plaintiff retained the RFC to perform a full range of light work is not supported by substantial evidence because it was not based on the opinion of a treating or examining physician. In support of his argument, Plaintiff cites Coleman v. Barnhart, 264 F. Supp. 2d 1007 (S.D. Ala. 2003). Plaintiff acknowledges that unlike the plaintiff in Coleman, he was evaluated by consultative physicians, but argues that neither provided an opinion regarding his RFC. Plaintiff further argues that the ALJ ignored his testimony about his back pain and his diagnosis of lumbar radiculopathy. (Doc. 13).

In opposition, the Commissioner counters that Plaintiff bears the burden of proving disability and of providing evidence to be used in RFC assessments. Defendant further asserts that RFC determinations are the province of the ALJ and are based on all relevant evidence and not just medical evidence. Defendant

---

[6] The record also contains two physical assessments; however, the ALJ did not analyze them because they were prepared by single decision makers. (Tr. at 22). Both opined that Plaintiff can occasionally lift 50 pounds and can frequently lift 25 pounds.

also asserts that the ALJ's RFC assessment is supported by objective evidence in the record. (Doc. 16).

Extant case law provides that an ALJ has a duty to develop the record fully and fairly. See, e.g., Wilson v. Apfel, 179 F. 3d 1276, 1278 (11th Cir. 1999)(citing Graham v. Apfel, 129 F. 3d 1420, 1422-1423 (11th Cir. 1997). The ALJ is bound to make every reasonable effort to obtain all the medical evidence necessary to make a determination, 20 C.F.R. § 416.912(d); however, he is not charged with making Plaintiff's case for him. Plaintiff has the burden of proving that he is disabled. See 20 C.R.R. § 416.912(a) and (c). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

The responsibility for determining a plaintiff's RFC[7] lies with the ALJ and is based on all of the evidence of record. See Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (ALJ has duty to assess the residual functional capacity on the basis of all the relevant credible evidence of record); 20 C.F.R. §§ 404.1546, 416.946  (responsibility for determining a claimant's

---

[7] "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." Peeler v. Astrue, 400 Fed. Appx. 492, 494 n.2 (11th Cir. 2010). The assessment considers the claimant's ability to lift weight, sit, stand, push, and pull, among other tasks. 20 C.F.R. § 404-1545(b).

residual functional capacity lies with the ALJ). See also Foxx
v. Astrue, 2009 U.S. Dist. LEXIS 80307, *17 (S.D. Ala. Sept. 3,
2009)("The RFC assessment must be based on all of the relevant
evidence in the case such as: medical history, medical signs and
laboratory findings, the effects of treatment, reports of daily
activities, lay evidence, recorded observations, and medical
source statements."), citing SSR 96-8p, 1996 SSR LEXIS 5.

As noted, in the case at hand, the ALJ, after reviewing the
medical evidence and other evidence of record, set forth
Plaintiff's RFC as follows:

> After careful consideration of the entire
> record, the undersigned finds that the
> claimant has the residual functional
> capacity to perform the full range of light
> work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except that on a function-by-
> function basis, the claimant is able to
> occasionally lift 20 pounds and frequently
> lift 10 pounds. He could stand, walk, and
> sit about six hours during an eight hour
> workday. He could frequently use the right
> upper extremity to push and pull. He could
> occasionally climb ramps and stairs, crouch,
> crawl, and stoop. He could frequently
> balance. He would be precluded from climbing
> ladders, ropes and scaffolds. He could
> frequently reach in all directions with the
> right upper extremity. He should avoid
> concentrated exposure to extreme cold,
> wetness, and vibration. He should avoid any
> exposure to hazardous machinery and
> unprotected heights.

(Tr. 22).

In making his determination that Plaintiff could perform the full range of light work[8], the ALJ carefully considered the opinions of consulting physicians, Drs. Datla and Modi, and the other evidence of record.   While Dr. Modi diagnosed Plaintiff with lumbar radiculopathy, and noted some tenderness on palpation of Plaintiff's lumbar spine and a positive straight leg test, he found that Plaintiff's range of motion in his lower and upper extremities was normal.   Further, during Dr. Datla's consultative exam of Plaintiff, he found that Plaintiff exhibited a full range of motion in his arms, and fingers, and that his cervical and lumbar spines showed no instability or

---

[8] Light work, as defined by SSR 83-10, is as follows:

> [L]ifting no more than 20 pounds at a time
> with frequent lifting or carrying of objects
> weighing up to 10 pounds. Even though the
> weight lifted in a particular light job may
> be very little, a job is in this category
> when it requires a good deal of walking or
> standing -- the primary difference between
> sedentary and most light jobs. A job is also
> in this category when it involves sitting
> most of the time but with some pushing and
> pulling of arm-hand or leg-foot controls,
> which require greater exertion than in
> sedentary work; e.g., mattress sewing
> machine operator, motor-grader operator, and
> road-roller operator (skilled and
> semiskilled jobs in these particular
> instances). Relatively few unskilled light
> jobs are performed in a seated position.

http://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html.

weakness.   Additionally,   while   Plaintiff   was   diagnosed   with right side inguinal hernia in 2009, the record reveals that it was surgically repaired. Also, an x-ray of Plaintiff's right shoulder   revealed   mild   arthritis.   Thus,   while   Plaintiff challenges the ALJ's RFC determination, he has not pointed to any medical evidence that suggests that the ALJ's RFC assessment is incorrect.

Indeed, the ALJ's decision reflects that he considered the medical evidence and Plaintiff's allegations of disabling pain, but found that the medical records do not support the level of pain alleged, and that Plaintiff does not have any neurological deficits or muscle atrophy generally associated with protracted pain at a severe level.   The ALJ further found as implausible the notion that Plaintiff would have been suffering from the disabling degree of pain as alleged, and would not have tried to access medical care on a regular and/or continual basis through a   community   health   clinic   or   through   hospital   emergency services.   Accordingly, the undersigned finds, based upon the record before the Court, that the ALJ's RFC determination is supported   by   substantial   evidence,   including   the   medical evidence of record. Thus, the absence of a physical assessment by a medical professional does not require reversal under the circumstances   of   this   case.   See   Green   v.   Social   Security

<u>Administration</u>, 223 Fed. Appx. 915, 923-24 (11th Cir. May 2, 2007)(per curiam).

> **2.   Whether the ALJ erred in finding that Plaintiff's work as a short order cook rose to the level of substantial gainful employment?**

Plaintiff contends that the ALJ erred in finding that his past work as a short order cook rose to the level of substantial gainful activity.   Specifically, Plaintiff argues that his earnings from Mr. Waffle, where he worked as a short order cook, were not sufficient to constitute substantial gainful activity. Additionally, Plaintiff claims that he did not work in that position long enough to learn the necessary skills associated with that work.

The Commissioner contends that Plaintiff has failed to meet his burden of showing that he is not capable of performing his past work, and that while in 2004, Plaintiff earned only $3,795.90 working as a cook at Mr. Waffle,  Plaintiff's earnings as a cook prior to the job at Mr. Waffle, rose to the level of substantial gainful activity.   In addition, the Commissioner argues that Plaintiff learned the required skills to complete the work.   In support of these assertions, the Commissioner points to Plaintiff's "Work History Report," wherein Plaintiff asserts that he worked for Hemingway's (Restaurant) from 1998-2000, as a cook,  and Plaintiff's earning statement which

reflects earnings from Topsiders/Hemingway's in 2000 in the amount of $18,332.48.

The undersigned finds that Plaintiff's argument is without merit. Past relevant work is "work that you have done within the past 15 years, that was [SGA], and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b). "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572. "Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." Id. Moreover:

> [i]n evaluating whether the claimant's past work is substantial gainful activity, the ALJ's "primary consideration will be the earnings [the claimant] derive[d] from the work activity." 20 C.F.R. § 416.974(a)(1). Under the regulations' earnings guidelines, a claimant's earnings (in 2001 and each year thereafter) ordinarily will show that he engaged in substantial gainful activity if the earnings were more than the previous year or the average monthly earnings were more than $700, adjusted for changes in the national average wage index. See 20 C.F.R. § 416.974(b)(2)(i)-(ii), see also id. § 416.974a (explaining that to determine whether a claimant is doing substantial gainful activity, the ALJ will average monthly earnings).

McCrea v. Astrue, 407 Fed. Appx. 394, 396 (11th Cir. 2011). To qualify as past relevant work in the disability determination process, prior work preformed by a plaintiff 1) must have been done within the last fifteen years, 2) must have been done long enough for the plaintiff to learn to do it, and 3) it must amount to substantial gainful activity.[9] See Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984); 20 C.F.R. §§ 404.1565(a), 416.965(a).

In this case, Plaintiff testified at the administrative hearing that he is skilled in cooking, and he has worked in various restaurants. (Tr. 64, 73). Plaintiff also completed a work history report in which he stated that he worked as a cook at Hemingway's Restaurant from 1998 to 1999. (Id. at 198). Additionally, the earnings records are not the model of clarity; however, they do reflect that Plaintiff worked several restaurant jobs prior to his disability onset date of September 25, 2008. According to the records, Plaintiff was employed at a number of restaurants, including Topsiders, Inc./ Hemingway's in

---

[9] A plaintiff's work is presumed to be substantial gainful activity if earnings averaged more than $500 a month from January 1990 through June 1999, see Randolph v. Astrue, 2011 U.S. Dist. LEXIS 143916, *7–8 (M.D. Fla. Dec. 14, 2011), $700 a month from July 1999 through December 2000, see McCrea v. Astrue, 407 Fed. Appx. 394, 396 (11th Cir. 2011), and slightly more for 2001 and so on. 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2); see also https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015 ($740 per month in 2001, $780 in 2002, $800 in 2003, and $810 for 2004).

1999, earning $929.11; Topsiders in 2000, earning $18,332.48; and RJ Kelly/Tally Ho Restaurant in 2004, earning $751.50. (Tr. 169-71).

Based on this record evidence, the ALJ determined, after consulting with a VE, that Plaintiff's past work as a cook rose to the level of substantial gainful employment and that Plaintiff is capable of performing, and could return to, that work. (Tr. 24). As noted above, a plaintiff's work is presumed to be substantial gainful activity if earnings averaged more than $500 a month from January 1990 through June 1999, $700 a month from July 1999 through December 2000, and slightly more for 2001 and so on. See footnote 9, supra.

The undersigned finds that the ALJ's determination is supported by substantial evidence. The record demonstrates that Plaintiff worked a number of cooking jobs, and each was performed within fifteen years of Plaintiff's alleged onset of disability date. Taking Plaintiff's employment at Topsiders in 2000 alone, where he earned $18,332.48, those wages average $1,527.71 monthly, which is greater than the average monthly allowance for presumed substantial activity for that year. Additionally, Plaintiff's testimony, his work history report, and the earning records establish that Plaintiff performed the work of short order cook over a number of years; the work is of sufficient duration. In other words, Plaintiff worked in the

job long enough to learn to do it.  See SSR 82-62, 1982 SSR
LEXIS 27 (past relevant work exists when three conditions are
met: (1) the work was recent, *i.e.*, it occurred within 15 years;
(2) the work was of sufficient duration, *i.e.*, the claimant had
enough time to learn the skills needed for average performance
in the job; and (3) the work constituted substantial gainful
activity).  Accordingly, it is clear that Plaintiff's earnings
as a cook, prior to his alleged disability onset date, exceeded
the monthly maximum set by Social Security regulations, and that
he worked as a cook long enough to acquire the necessary skills.
Thus, the ALJ did not err in finding that Plaintiff's past work
as a cook rose to the level of substantial gainful employment.

   **V.    Conclusion**

   For the reasons set forth, and upon careful consideration
of the administrative record and memoranda of the parties, it is
hereby **ORDERED** that the decision of the Commissioner of Social
Security, denying Plaintiff's claim for a period of disability,
disability insurance benefits, and supplemental security income
be **AFFIRMED.**

   **DONE** this **21st** day of **September, 2012.**

                    /s/ SONJA F. BIVINS
                **UNITED STATES MAGISTRATE JUDGE**

21